OPINION
Defendant-appellant, Anthony M. DeFabio ("appellant"), appeals from the imposition of the maximum sentence for aggravated vehicular homicide and driving under the influence by the Portage County Court of Common Pleas.
On February 11, 2000, appellant entered into a written plea agreement, pleading guilty to one count of aggravated vehicular homicide and driving under the influence of alcohol or drugs. Charges for involuntary manslaughter and possession of heroin were nolled. The charges stemmed from an automobile accident occurring on March 2, 1999, on State Route 82 in Portage County. Appellant, driving erratically, went fully left of center and struck Linda Kulka's automobile, resulting in her death. Appellant's speed at impact was estimated at fifty-four m.p.h. There was no evidence he attempted any evasive action. Another motorist went to appellant's aid and observed that appellant was unconscious for a minute or two. Upon regaining consciousness, appellant reached into the back seat and then placed something in his pocket. Two packets of heroin were recovered from appellant's pocket. Appellant was transported to the hospital where he tested positive for recent heroin use. The Ohio State Highway Patrol discovered two syringes on the front seat and an empty prescription bottle, which had contained pain pills. The syringes tested negative for the presence of narcotics.
Appellant had three prior convictions for driving under the influence and one conviction for possession of drugs. In another incident, appellant struck a hearse from behind during a funeral procession. Police observed appellant attempting to conceal syringes underneath an overpass. Appellant admitted to being under the influence of heroin at the time of the accident. Appellant subsequently was convicted for reckless operation for the offense. Appellant had no driving privileges and has received treatment for drug addiction three times.
Over a month after the instant accident, Cleveland police discovered appellant in a high drug area, sitting alone in a parked car with his head down. The police pulled along side of appellant's vehicle to inquire if he was lost or in need of assistance. Appellant looked startled at their approach and sped away. Police observed a syringe in his hand and subsequently stopped appellant's automobile. Eight packets of heroin were discovered in appellant's vehicle. Appellant was charged with possession of heroin.
At the sentencing hearing, the trial court stated that appellant's prior offenses for driving under the influence and for drug possession, driving without a valid license, denial that he was under the influence at the time of the instant accident, and lack of employment for a period of five years led the court to believe appellant committed the worst form of the offense of involuntary manslaughter. The trial court also determined appellant was likely to offend again. The trial court sentenced appellant to the maximum term of five years for involuntary manslaughter. Appellant received a sentence of six months for the charge of driving under the influence, to be served concurrently with the involuntary manslaughter sentence.
Appellant assigns the following errors for review:
 "[1.] The trial court erred when it failed to sentence DeFabio pursuant to the statutory guidelines of ORC 2929.13 and 2929.14.
 "[2.] ORC 2929.14(C) is unconstitutionally vague pursuant to Ohio and United States Constitutions."
 In his first assignment of error, appellant contends the trial court abused its discretion by sentencing him to the maximum term. Appellant argues that Ohio law currently favors the imposition of the minimum sentence for first time offenders while maximum sentences are disfavored. Appellant submits that the trial court was required by R.C. 2929.14(B) to find on the record that the shortest prison term would demean the seriousness of appellant's conduct or that the minimum sentence would not adequately protect the public from future crime by appellant or others.
Appellant maintains the trial court failed to address R.C. 2929.14(B) at all. R.C. 2929.14(B) provides a trial court must impose the shortest prison term authorized for the offense unless it finds on the record that the minimum sentence will demean the seriousness of the offender's conduct or will not protect the public from future crime by the offender or others. A trial court need not give its reasons for making either of these findings but the record must reflect the court found one or both of the two statutorily sanctioned reasons for exceeding the minimum sentence applied. State v. Edmonson (1999), 86 Ohio St.3d 324 . The trial court may make this finding either orally at the sentencing proceeding or in a written statement contained in the sentencing entry. State v. Showalter
(May 4, 2001), Portage App. No. 99-P-0042, unreported, 2001 Ohio App. LEXIS 2022.
In its March 17, 2000 judgment entry, the trial court stated it found to impose the minimum sentence would demean the seriousness of the offense and not adequately protect the public or punish the offender. This complies with the dictates of R.C. 2929.14(B).
Appellant also disputes the trial court's finding that he committed the worst form of the offense. Appellant maintains the trial court failed to consider the facts of the incident, but focused on his past behavior. Appellant opines he can imagine worse scenarios of traffic manslaughter.
This court reviews a felony sentence de novo. R.C. 2953.08. A defendant's sentence will not be disturbed on appeal unless the reviewing court finds, by clear and convincing evidence, that the record does not support the sentence or that the sentence is contrary to law. State v.Wilson (June 23, 2000), Lake App. No. 99-L-026, unreported, 2000 Ohio App. LEXIS 2766. Clear and convincing evidence is that evidence which will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. State v. Bradford (June 1, 2001), Lake App. No. 2000-L-103, unreported, 2001 Ohio App. LEXIS 2487.
R.C. 2929.14(C) provides for the imposition of the maximum sentence only upon the offenders committing the worst forms of the offense, offenders posing the greatest likelihood of committing future crimes, upon certain drug offenders, and upon certain repeat violent offenders. Only one of these factors must be met in order to impose the maximum sentence. State v. Baldwin (June 29, 2001), Ashtabula App. No. 99-A-0069, unreported, 2001 Ohio App. LEXIS 2965. A trial court must provide its reasoning for imposing the maximum term for a single offense.State v. Hawley (Aug. 10, 2001), Lake App. No. 2000-L-114, unreported, 2001 Ohio App. LEXIS 3532.
Exactly what the "worst form of the offense" constitutes is not, and could not be defined in statutory law. In order to determine whether a defendant has committed the worst form of the offense, the trial court should consider the totality of the circumstances. State v. Raphael
(Mar. 24, 2000), Lake App. No. 98-L-262, unreported, 2000 Ohio App. LEXIS 1200. R.C. 2929.12 provides a non-exclusive list of factors to consider in determining whether a defendant is likely to be a repeat offender. Some of those factors include that the defendant had a history of criminal convictions, the offender had not responded favorably to sanctions previously imposed for criminal convictions, the offender has demonstrated a pattern of drug or alcohol abuse that is related to the incident and the offender refuses to acknowledge this pattern of abuse exists, and the offender shows no genuine remorse for the offense. R.C.2929.12(D).
The trial court's judgment entry states appellant committed the worst form of the offense because the victim died. As appellant correctly points out, the victim will be dead in all cases of involuntary manslaughter. At the sentencing hearing, the trial court stated appellant was driving without a license in an erratic manner while under the influence of drugs or alcohol. This was sufficient to explain the trial court's reasoning for finding this constituted the worst form of the offense.
Further, the trial court also found appellant likely to commit an offense again. The trial court noted appellant had prior convictions for driving under the influence and drug abuse. The pre-sentence report and the testimony adduced at the sentencing hearing support the trial court's determination. Appellant has been in drug treatment programs three times. This offense occurred within days of his release from such a program. Appellant denied being under the influence of drugs or alcohol at the time of the accident. The facts of the accident belie this assertion. Witnesses observed appellant driving erratically immediately prior to the accident, appellant did nothing to avoid the collision, and appellant attempted to hide the heroin right after the accident. Appellant was arrested over a month later in Cleveland for drug possession, also while in his vehicle. All of this evidence supports the trial court's determination that appellant is likely to re-offend. Appellant's first assignment of error is without merit.
In his second assignment of error, appellant challenges the constitutionality of R.C. 2929.14(C). Appellant contends the language "worst form of the offense" is vague, providing no standard by which the courts can determine what constitutes this determination.
In State v. Mushrush (1999), 135 Ohio App.3d 99, the First District Court of Appeals rejected the argument that R.C. 2929.14(C) was unconstitutionally vague. The court pointed out that sentencing guidelines are not designed to inform the offender of the consequences of violating a criminal statute, but guide judges in imposing a sentence.Id. at 109. The guidelines limit the trial court's discretion in sentencing a defendant. Id. We agree with that reasoning and affirm the constitutionality of the statute.
Appellant's second assignment of error lacks merit. The judgment of the Portage County Court of Common Pleas is affirmed.
FORD, P.J., dissents with Concurring/Dissenting Opinion, CHRISTLEY, J., concurs.